# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Edward A. Bobrick |
|---|---|---|---|
| CASE NUMBER | 02 C 8538 | DATE | 1/22/2003 |
| CASE TITLE | In Re: Subpoena Issued by Nissan North America, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This order was inadvertently entered in case 02 C 1245, Nissan North America, Inc. vs. BMW(US) Holding Corp. The order is correctly entered herein, nunc pro tunc to January 17, 2003. Borgwarner's Motion to Compel Deposition of Nissan North America, Inc. Pursuant to its Rule 45 Subpoena is denied. Nissan North America's Cross-Motion to Quash Borgwarner's Deposition Subpoena to Nissan North America, Inc. is granted. The subpoena issued by this court upon Nissan is hereby quashed. Enter Memorandum Order. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JAN 2 7 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 1/22/2003 date mailed notice | |
| SRB | courtroom deputy's initials | Date/time received in central Clerk's Office | SB7 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 2 7 2003

IN RE: SUBPOENA ISSUED TO )
NISSAN NORTH AMERICA, INC., )
) No. 02 C8538
) Judge Ronald A. Guzman
) Edward A. Bobrick,
) Magistrate Judge

## MEMORANDUM ORDER

Before the court is BorgWarner's MOTION TO COMPEL DEPOSITION OF NISSAN NORTH AMERICA, INC. PURSUANT TO ITS RULE 45 SUBPOENA and Nissan North America's CROSS-MOTION TO QUASH BORGWARNER'S DEPOSITION SUBPOENA TO NISSAN NORTH AMERICA, INC.

### I. BACKGROUND

Defendant BorgWarner, Inc. ("BorgWarner"), pursuant to Fed.R.Civ.P. 45, served upon Nissan North America, Inc. ("Nissan") a subpoena issued by this court calling for the production of documents, and the testimony of a designated person under Fed.R.Civ.P. 30(b)(6). The underlying litigation, giving rise to the issuance of the subpoena, is in the U.S. District Court for the Eastern Division of Michigan and involves New Venture Gear's ("NVG") allegations of patent infringement by BorgWarner. The patent involves an "on-demand" four wheel drive transfer case used in SUV's and other four wheel drive vehicles.



According to the parties, the extent of the testimony to be taken at the deposition has been narrowed to "the operation and control of transfer case Model No. ATX 14A," which is a four-wheel-drive transfer case found on the Nissan Pathfinder and Infinity QX4, two SUV automobiles sold by Nissan in the United States. The ATX 14A transfer case is involved in the claims in the Michigan patent case. BorgWarner has represented that the sought after discovery, under the subpoena, relates to damages resulting from the alleged patent infringement.

The record establishes, and the parties agree, that Nissan has not designed or manufactured the ATX 14A transfer case, nor has Nissan manufactured the cars in which the transmission is found. The record further establishes that Nissan has no knowledge of the control strategy utilized in the ATX 14A, how the clutches or internal mechanisms are engaged or disengaged, or how torque is transferred within the transfer case. Nissan has provided BorgWarner with ATX14A operating and service manuals, which it represents is the totality of any technical information it has. Nissan did not create or publish these operational and service manuals but received them from the company that did manufacture the cars in which the ATX14A transfer case is found. (Declaration of Christopher Cole, Ex. E to Nissan's Motion to Quash).

Nissan is a subsidiary of Nissan Motor Company, LTD., Toyota, Japan, with its headquarters located in Gardena, California (Ex. C, Memorandum in Support of BorgWarner's Motion to Compel Deposition of Nissan). The subpoena served on Nissan, issued by this court, provides for a Rule 30(b)(6) deposition to take place in Chicago, Illinois (Ex. 3, Memorandum in Support of BorgWarner's Motion to Compel Deposition of Nissan).

## II. DISCUSSION

Fed.R.Civ.P. 45(a)(2) provides that:

> A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken.

Fed.R.Civ.P. 45(c)(3)(A) provides that:

> "... the court by which a subpoena was issued shall quash ... the subpoena of it (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person ... regularly transacts business."

A general presumption is that depositions of a corporation through its agent should be taken at the corporation's principal place of business. *Custom Form Manufacturing, Inc. v. Omron Corporation*, 196 F.R.D. 33 (N.D.IND. 2002).

Nissan's headquarters is located in Gardena, California and accordingly, under Rule 45(c)(3)(A), is the appropriate place for the taking of the Rule 30(b)(6) deposition. Nissan's headquarters is located within the jurisdiction of the U.S. District Court for the Central District of California, which under Rule 45(a)(2) is the appropriate court from which an enforceable subpoena could be issued. Accordingly, the subpoena issued by this court will be quashed.

Moreover, even if for some reason this court could possibly order the Rule 30(6)(b) deposition to go forward under the subpoena, we would still choose not to order same and not depart from the Rules' requirements. In this case, BorgWarner has failed to show a substantial need for the testimony sought from Nissan. The technical information referred to as "damage discovery" is more readily available to BorgWarner from other sources without any undue hardship. For example, there

is the licensing and royalty agreement between Nissan and NVG that describes the royalty arrangement concerning the ATX14A drive transfer case. This is easily obtainable from NVG. Additionally, since Nissan did not design, manufacture or install the ATX14A transfer case in the vehicles distributed by Nissan, it could hardly have any of the sought after technical information. This information is readily available from that entity that did design and manufacture the transfer case.

## II. CONCLUSION

For the foregoing reasons, BorgWarner's motion is DENIED and Nissan's motion is GRANTED. The subpoena issued by this court upon Nissan is hereby QUASHED. The court advises the parties that in light of the Michigan District Court's November 15, 2002 discovery closure date, initiation of any further subpoena activities will require the parties to first proceed before the Michigan court and obtain leave to do so.

ENTERED: /s/ Edward A. Bobrick
EDWARD A. BOBRICK
U.S. Magistrate Judge

**DATED:** January 17, 2002